# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| *In Re Subpoena to*<br>*Non-Party Preston J. Dugas* | Case No.:<br><br>Miscellaneous docket |

## BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA UPON WRITTEN QUESTIONS TO NON-PARTY PRESTON DUGAS AND MOTION FOR PROTECTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Non-Party Preston J. Dugas III in his personal capacity and as registered agent of the Preston Dugas Law Firm, PLLC ("Mr. Dugas"), and files this his Brief in Support of Motion to Quash Subpoena for a Written Deposition against Insurance Adjusters Group, LLC and William Cox ("IAG") and for Protection without waiving any rights and respectfully states:

1. Mr. Dugas is a resident of Fort Worth, Texas. Mr. Dugas handles first-party insurance litigation cases and represents homeowners and commercial property owners who have disputes with their insurance company regarding coverage. Mr. Dugas is not a party to the case this subpoena pertains to which is pending in the United States District Court for the Eastern District of Texas, styled *Smith v. Ins. Adjusters Grp., No. 2:21-cv-00068-JRG-RSP*, before the Honorable Rodney Gilstrap (the "IAG Lawsuit"), involving a partnership dispute agreement between the parties.

**A. Service of Notice Was Improperly Performed.**

2. On November 23, 2021, Mr. Dugas discovered a Subpoena Upon Written Questions with twenty-seven (27) questions with a response date of December 9, 2021 (the "Notice") left at his office. See Exhibit A, Exhibit B. The Notice was not served on Mr. Dugas himself or a registered agent of Preston Dugas Law Firm, PLLC. See Exhibit A, Exhibit B. The Subpoena is attached hereto

as Exhibit A and incorporated by reference as if fully set forth herein.[1]

3. The Subpoena does not include a completed proof of service page but was served (all be it improperly) on November 23, 2021 (within 14 days of the filing of this Motion). *See* Exhibit B. ., Affidavit of Preston J. Dugas III. Improper service occurs when a subpoena is served upon another party besides the party the subpoena is directed to. *See* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person."); *Seals v. Shell Oil Co.*, No. 12-1983, 2013 U.S. Dist. LEXIS 84698, 2013 WL 3070844, at *3 (E.D. La. June 17, 2013) ("Under the plain language of the rule, as well as Fifth Circuit precedent, service is improper if the person himself is not served with a copy of the subpoena."); *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (finding service of a Rule 45 subpoena on a party's attorney, instead of the party, "renders such service a nullity"). This applies equally to service on a non-party such as here. *See Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.*, 2008 U.S. Dist. LEXIS 91615, 2008 WL 4829583, at *1 (E.D. La. 2008) (holding that service of a subpoena for records on a non-party by certified mail was improper).

4. Because service of this subpoena to Mr. Dugas was improperly made, the subpoena is ineffective and thus Mr. Dugas has no obligation to comply with this invalid subpoena. *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires . . . personal delivery of the subpoena . . . ."); *see also Emesowum v. Zeldes*, No. SA-15-CV-831-XR, 2016 U.S. Dist. LEXIS 83246, at *30 (W.D. Tex. 2016) ("[N]o obligation to comply with an invalid subpoena.").

5. Further, to the extent the subpoena seeks to illicit responses to questions directed to the Preston Dugas Law Firm, PLLC and not Mr. Dugas, service was again improper for the same reasons. IAG did not serve the registered agent of the Preston Dugas Law Firm. *See* Exhibit A; Exhibit B. As a

---

[1] The Subpoena at issue is not clear who the subpoena is addressed to or in what capacity. The Subpoena appears to be addressed to Preston J. Dugas III but also appears to be addressed to the Custodian of Record for Preston Dugas Law Firm, PLLC who is another individual. Additionally, the questions switch between asking Mr. Dugas a question and asking Preston Dugas Law Firm, PLLC a question.

result, the subpoena is invalid as to Mr. Dugas and to the Preston Dugas Law Firm and therefore does not require compliance. *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires . . . personal delivery of the subpoena . . . ."); *see also Emesowum v. Zeldes*, No. SA-15-CV-831-XR, 2016 U.S. Dist. LEXIS 83246, at *30 (W.D. Tex. 2016) ("[N]o obligation to comply with an invalid subpoena.").

    B. <u>The Notice Does Not Give Reasonable Time To Comply.</u>

    6.        Finally, Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure requires the court in the district in which compliance is required to quash a subpoena that "subjects a person to undue burden" and to provide sufficient time for compliance. Fed. R. Civ. P. 45(d)(3)(A).

    7.        IAG's Subpoena does not provide for adequate time for compliance, and much more importantly, places an unnecessary, unwise, and undue burden on Mr. Dugas. The subpoena was improperly served the Tuesday before Thanksgiving, on November 23, 2021, and the responses are due December 9, 2021 at 10:00 AM. *See* <u>Exhibit A</u>. This provides only twelve (12) full business days to respond to IAG's twenty-seven (27) questions and is not a reasonable amount of time to comply with the Subpoena based on the amount of information sought. *See Nugent v. Scott Fetzer Co.*, No. 19-14759, 2020 U.S. Dist. LEXIS 48308, at *11 (E.D. La. 2020) (quoting *Bergeron v. Great W. Cas. Co.*, No. 14-13, 2015 U.S. Dist. LEXIS 120668, at *5 (E.D. La. 2015)) ("Courts have 'noted that anything less than 14 days is likely unreasonable.'"). Courts consider additional factors in determining whether the time for compliance is unreasonable. *Bergeron v. Great W. Cas. Co.*, No. 14-13, 2015 U.S. Dist. LEXIS 120668, at *4 (E.D. La. 2015) ("Reasonableness varies depending on the circumstances of each case.").

    8.        The Subpoena was discovered by Mr. Dugas late afternoon on November 23, 2021, the Tuesday before Thanksgiving, and required compliance by the morning of December 9,2021. *See* <u>Exhibit A</u>, <u>Exhibit B</u>. By improperly serving the subpoena, serving the subpoena immediately before

a holiday giving only twelve (12) full business days to comply, and by severely burdening Mr. Dugas requiring him to review all communications, documents, emails, texts, calls from 2016 to present relating to named parties in order to properly reply, the time to comply was unreasonable.

9. In filing this Motion in response to this Subpoena Upon Written Questions, Mr. Dugas does not waive any objections that require IAG to properly serve a subpoena upon Mr. Dugas or the Preston Dugas Law Firm, PLLC. Mr. Dugas also does not waive any direct objections to IAG's questions and reserves those objections to be made only if the Court denies this Motion to Quash and for Protection.[2]

C. **General Objections to Direct Questions to be Propounded to the Witness, Preston J. Dugas III.**

10. Out of caution and seeking to comply with Rule 45(d) of the Federal Rules of Civil Procedure Mr. Dugas asserts objections below to the direct questions in IAG's Subpoena Upon Written Questions.

11. Mr. Dugas objects to the questions to the extent they are vague, ambiguous, overly broad, unduly burdensome, or oppressive, require speculation, and to the extent that the questions as drafted are not limited in scope to matters reasonably relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence pertaining to any claim or defense in this matter.

12. Mr. Dugas' decision to produce information in response to the Requests, notwithstanding the objectionable nature of any of the Requests, definitions or instructions, should not be construed as: (a) an admission that Plaintiff accepts or admits the existence of any fact set forth or assumed by any such document or by any request for production; (b) an admission that the

---

[2] Should the Court require Mr. Dugas to still present his direct objections to questions asked in the Subpoena Upon Written Questions Mr. Dugas will promptly provide those objections. Otherwise, Mr. Dugas will promptly serve the objections on IAG's counsel to the extent this Motion to Quash and for Protection is denied.

Brief in Support of Motion To Quash Subpoena Upon Written
Questions To Non-Party Preston Dugas and Motion for Protection                                                                4

information is relevant or admissible; (c) a waiver of the general or specific objections asserted herein; or (d) an agreement that Requests for similar information will be treated in a similar manner. Plaintiff specifically reserves all objections as to competency, relevance, materiality and admissibility of the information provided, all objections as to burden, vagueness, unintelligibility, over breadth, and ambiguity, and all rights to object to the use of any document or information in any subsequent proceeding, including, without limitation, the trial of the above-captioned lawsuit, or any other action.

13. Mr. Dugas objects to the extent that the questions or Definitions seek discovery of information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

14. Mr. Dugas' responses are not intended to serve as, or be construed in any manner as, a waiver or relinquishment of any rights or protections provided by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

15. These objections and any responses are based upon information now known. Mr. Dugas therefore reserves its rights to amend, modify, or supplement the objections and/or responses stated herein.  Further, Mr. Dugas reserves the right to produce at any subsequent time, additional information that may be discovered subsequent to the service of these responses.

16. Mr. Dugas objects to the questions to the extent that they seek the production of publicly available information and documents, or information and documents otherwise equally or more readily available to IAG.

17. Mr. Dugas objects to the questions to the extent they are made in bad faith by counsel for IAG.

18. Mr. Dugas objects to the questions to the extent that they seek information or the production of any document that is not in Plaintiff's possession, custody or control.

19. Mr. Dugas objects to the definition of "Document" as overly broad, unduly

burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

20. Mr. Dugas incorporates the General Objections into each and every individualized response contained herein and set forth below into each and every amendment, supplement, or modification to these responses. Subject to the foregoing, and without waiver or prejudice to these objections, Mr. Dugas will provide his responses and specific objections to the Subpoena for Direct Questions to be Propounded to the Witness, Preston J Dugas III, upon this Court's order or to the extent this Motion is denied.

WHEREFORE, PREMISES CONSIDERED, non-party Mr. Dugas prays that his Motion to Quash be granted and that he be provided with adequate protection from undue burden, and for such other relief as he may be entitled.

Respectfully submitted,

*/s/Preston J. Dugas III*
Preston J. Dugas III

**CERTIFICATE OF CONFERENCE**

    I hereby certify that have communicated with Catherine Keith attorney on behalf of Insurance Adjuster Group and William Cox. Ms. Keith had Mr. Dugas re-served with the Subpoena acknowledging the errors made in the first subpoena and Mr. Dugas has requested that the first subpoena be dropped but Ms. Keith has not responded to Mr. Dugas. Due to the deadline, Mr. Dugas has filed the motion. Thus, the Motion is presented to the Court for determination.

                                                        */s/Preston J. Dugas III*
                                                        Preston J. Dugas III

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 7, 2021, this Brief in Support of the Motion to Quash and for Protection was filed with the Clerk of the Court using CM/ECF, and that all counsel of record are being served in accordance with the Federal Rules of Civil Procedure.

Darrell W. Cook
State Bar No. 00787279
dwcook@attorneycook.com
Catherine A. Keith
State Bar No. 24046193
catherine@attorneycook.com

**DARRELL W. COOK & ASSOCIATES, P.C.**
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
Tel: (214) 368-4686
Fax: (214) 593 -5713

**ATTORNEYS FOR DEFENDANTS
WILLIAM COX AND INSURANCE
ADJUSTERS GROUP, LLC**

                                                        */s/Preston J. Dugas III*
                                                       Preston J. Dugas III