# Exhibit A

# Written Deposition Service, LLC

1755 Whittington Place, Suite 750
Dallas, TX 75234

Telephone (972) 488-5555 ~ (800) 346-4405 ~ Facsimile (972) 488-5590 ~ Alt. Facsimile: (972) 243-2995
WDS.Custodian@wdslegal.com   ~ www.WrittenDeposition.com

PRESTON J. DUGAS, III
PRESTON DUGAS LAW FIRM, PLLC
1701 RIVER RUN, STE 703
FORT WORTH, TX 76107
WITNESS
TELEPHONE: 817-945-3061; Fax:

## SUBPOENA FOR FOR A WRITTEN DEPOSITION

RE:   Our Order #: 72324.002
      Please Contact: Brian Bass X260

Dear PRESTON J. DUGAS, III:

Enclosed please find a subpoena that authorizes the completion of a written deposition. Please refer to the subpoena.

To save both parties time; please follow the below listed instructions:

1. PLEASE PROVIDE LEGIBLE COPIES.
2. COMPLETE <u>ALL QUESTIONS AND/OR AFFIDAVITS PROPERLY</u>. THEY MUST BE ENTIRELY FILLED OUT, SIGNED AND NOTARIZED.
3. PLEASE CALL OUR OFFICE WITH YOUR FEE BEFORE COMPLETING THE DEPOSITION.(WE PREFER DOCUMENTS SENT IN ELECTRONIC FORMAT WHEN POSSIBLE - VIA PORTAL/CD/EMAIL OR ANY OTHER ELECTRONIC MEDIA)
4. PLEASE MAIL ALL LEGAL DOCUMENTS TO THE ABOVE ADDRESS. IF YOU NEED A NOTARY, PLEASE CALL OUR OFFICE.

Completing this documentation properly and in a timely fashion will allow our client to enter the documents in court as evidence, likely, without having the records custodian present at the time of trial. We appreciate you producing all records requested, by the due date!

Thank you for your assistance in this matter. Should you have any questions, please call **Brian Bass X260@** (972) 488-5555 OR 800-346-4405.

Sincerely,

Brian Bass X260

# United States District Court
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

DUANE SMITH, RACHEL SMITH, and
PREMIER ADJUSTMENT GROUP, LLC

SUBPOENA IN A CIVIL CASE

vs.

INSURANCE ADJUSTERS GROUP, LLC and
WILLIAM COX

Civil Action No. 2:21-CV-00068-JRG

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

TO:   Witness:          PRESTON J. DUGAS, III
                        PRESTON DUGAS LAW FIRM, PLLC
                        1701 RIVER RUN, STE 703
                        FORT WORTH, TX 76107

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment.

| Place: The office of<br>PRESTON DUGAS LAW FIRM, PLLC<br>1701 RIVER RUN, STE 703<br>FORT WORTH, TX 76107 | DATE AND TIME<br>12/09/2021, 10:00AM |
|---|---|

The Deposition will be recorded by this method: **Deposition by Written Question**

[ ] *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45 (d) relating to your protection as a person subject to a subpoena and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/7/21

CLERK OF COURT

                                                    OR    /s/ Darrell W. Cook

_Signature of Clerk or Deputy Clerk_                      _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing *Insurance Adjusters Group, LLC and William Cox* who issues or requests this subpoena are: Darrell W. Cook, Darrell W. Cook & Associates, 6688 North Central Expressway, Suite 1000, Dallas, TX, 75206, 214-368-4686 dwcook@attorneycook.com

Order No. 72324.002

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

Civil Action No. **2:21-CV-00068-JRG**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

 I served the subpoena by delivering a copy to the named individual as follows:
_____
_____on *(date)*_____ ; or

 I returned the subpoena unexecuted because: _____
_____

 Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

 I declare under penalty of perjury that this information is true.

Date: _____

                     _____
                          *Server's signature*

                     _____
                         *Printed name and title*

                     _____
                          *Server's address*

Additional information regarding attempted service, etc:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DUANE SMITH, RACHEL SMITH, and<br>PREMIER ADJUSTMENT GROUP, LLC<br><br>vs.<br><br>INSURANCE ADJUSTERS GROUP, LLC and<br>WILLIAM COX | § § § § § § § | CIVIL ACTION NO. 2:21-CV-00068-JRG |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

TO: ALL PARTIES BY AND THROUGH THEIR ATTORNEY(S) OF RECORD AS PROVIDED IN THE ATTACHED SERVICE LIST.

You will take notice that fourteen (14) days after the service hereof, with attached questions, a deposition by written questions will be asked of the witeness:

MICHAEL Y. KIM-(Client Record Scope)
THE MICHAEL KIM LAW FIRM, PLLC
4236 W. LOVERS LN, DALLAS, TX 75209

PRESTON J. DUGAS, III-(Client Record Scope)
PRESTON DUGAS LAW FIRM, PLLC
1701 RIVER RUN, STE 703, FORT WORTH, TX 76107

Such questions to be answered on or after *12/09/2021*, before a Notary Public at the instance of:
Written Deposition Service, LLC
1755 Whittington Place, Suite 750
Dallas, TX 75234

Such deposition may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rules 31 & 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a Subpoena Duces Tecum and cause it to be served on the witness and to turn all such records over to the officer authorized to take this deposition.

Respectfully Submitted,

*/s/Darrell W. Cook*

Darrell W. Cook
SBA #: 00787279
Darrell W. Cook & Associates
6688 North Central Expressway, Suite 1000
Dallas, TX 75206
214-368-4686;  Fax 214-593-5713
dwcook@attorneycook.com

**Attorney for: Defendant**

## CERTIFICATE OF SERVICE

I certify, as authorized agent for the attorney of record, Darrell W. Cook that a true and exact copy of foregoing Notice of Intention to Take Deposition upon Written Questions was served to all attorneys of record in the above-styled and numbered matter, said service being effected in the following manner:

CERTIFIED MAIL/RETURN RECEIPT REQUESTED         _____

HAND DELIVERY                                    _____

TELECOPY                                         ____√____

OVERNIGHT/NEXT DAY DELIVERY VIA LONE STAR OR UPS _____

E-MAIL                                           _____

E-FILE                                           _____

DATED: 11/17/21

BY: *Nicole Whitworth* (signature)

SERVED TO ALL PARTIES LISTED BELOW:
*Duane Smith, et al vs. Insurance Adjusters Group, LLC, et al*

### ATTORNEYS OF RECORD

Justin A. Smith
Sloan, Hatcher, Perry, Runge, Robertson, Smith & Jones
101 East Whaley Street
Longview, TX 75601
903-757-7000; Fax: 903-757-7574
Attorney For: Plaintiff

# Written Deposition Service, LLC
1755 Whittington Place, Suite 750
Dallas, TX 75234

========================================================================

Telephone (972) 488-5555 ~ (800) 346-4405 ~ Facsimile (972) 488-5590
www.writtendeposition.com

# DUE IMMEDIATELY *AFTER*:
# 12/09/2021

*READ BELOW FOR PERTINENT INFORMATION!!*
************************

## DO NOT HAVE NOTARIZED PRIOR TO THE DATE ABOVE.
## (YOU MAY LOCATE, COPY RECORDS, ADVISE OF FEES ETC. )
************************

*******************************************

*(WE WILL CONTACT YOU IF THE OBJECTION PERIOD IS WAIVED AND THE QUESTIONS CAN BE DATED SOONER)*

<<<<<ARE YOU IN THE DFW, TX AREA AND NEED ASSISTANCE WITH COPYING THE RECORDS? IF SO, PLEASE CALL AND SPEAK TO ONE OF OUR REPRESENTATIVES TO SET UP A DATE FOR OUR IN HOUSE MOBILE COPY SERVICE TO COME OUT AND SCAN THE RECORDS. THIS SAVES YOUR STAFF TIME AND MONEY!>>>>>>>

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DUANE SMITH, RACHEL SMITH, and PREMIER ADJUSTMENT GROUP, LLC § § § | |
| vs. § | CIVIL ACTION NO. 2:21-CV-00068-JRG |
| § § | |
| INSURANCE ADJUSTERS GROUP, LLC and WILLIAM COX § § | |

**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS,**

**PRESTON J. DUGAS, III**

**DEFINITIONS**

For the purposes of this DEPOSITION UPON WRITTEN QUESTIONS, the following definitions shall have the following meanings, unless the context requires otherwise:

1. "You" or "Your" means Preston J. Dugas, III.

2. "The Law Firm" means PRESTON DUGAS LAW FIRM, PLLC as well as all predecessors, parents, subsidiaries, related entities or agencies, agents, representatives, directors, members, employees, and assumed names with knowledge of relevant facts.

3. "Plaintiffs/Counter-Defendants" means Duane Smith, Rachel Smith and/or Premier Adjustment Group, LLC as well as all predecessors, parents, subsidiaries, related entities or agencies, agents, representatives, directors, members, employees, and assumed names with knowledge of relevant facts.

4. "Defendants/Counter-Plaintiffs" means William Cox and/or Insurance Adjusters Group, LLC as well as all predecessors, parents, subsidiaries, related entities or agencies, agents, representatives, directors, members, employees, and assumed names with knowledge of relevant facts.

5. "Alexander Lawsuit" means Michael Alexander v. Rachel Smith, Duane Smith, Individually and d/b/a Premier Adjustment Group, LLC as well as William Cox, Individually and d/b/a Insurance Adjusters Group, LLC; Cause No. 70456-A.

6. "Communication" means any sending, receipt, or exchange of information or messages regardless of the form or medium used. It includes, without limitation, such things as correspondence, faxes, telexes, telegrams, electronic mail, telephone calls, voice mail, recorded messages, meetings, nods of the head or other nonverbal signals, conversations, and face-to-face encounters.

7. "Document" means any printed, written, recorded, or graphic matter of any kind whatsoever, whether on paper, floppy disk, hard disk, computer file, cassette tape, or any other medium. The term is intended to embrace every conceivable memorialization of any alphabetic characters, images (still or moving), sounds, symbols, figures, dollars, or computations (or any combination of same) and obviously includes, without limitation, such things as correspondence, memorandums, electronic mail, voice mail, answering machine or other recordings, handwritten notes, phone message slips, diagrams, charts, schedules, daily calendars, invoices, purchase orders, forms of any kind, spreadsheets, accounting records, bank statements, canceled checks, check registers, compact disc, DVDs, envelopes, phone bills, faxes, agreement or insurance policy, photographs, slides, sound recordings, videotapes, sketches, internet web-sites, computer programs, tape-recorded telephone conversations,

videotapes, sketches, internet web-sites, computer programs, tape-recorded telephone conversations, and anything stored on or accessible with a telecommunications device of any kind, a computer, computing device, or any network.

## INSTRUCTIONS

1. The dispute in this case revolves around Plaintiffs/Counter-Defendants' allegations that the Parties were partners in the public adjuster industry. As such, the purpose of this deposition on written questions is to discover general information regarding the alleged partnerships between the Parties in this matter. This is not an investigation into any claims against Preston J. Dugas, III or an attempt to impart liability on Preston J. Dugas, III. It is discovered that Preston J. Dugas, III is a non-party that has knowledge and information that addresses Plaintiffs/Counter-Defendants' claims made against the Defendants/Counter-Plaintiffs. The purpose of this deposition on written questions is solely to verify whether Preston J. Dugas, III has such knowledge and information.

2. The Deposition upon Written Questions excludes any information and/or answers relating to the Michael Alexander v. Rachel Smith, Duane Smith, Individually and d/b/a Premier Adjustment Group, LLC as well as William Cox, Individually and d/b/a Insurance Adjusters Group, LLC; Cause No. 70456-A.

## WRITTEN QUESTIONS

1. Please state the full name, address, and occupation/job title.

   ANSWER:   (NAME) _____
             (OCCUPATION)_____
             (ADDRESS) _____
             (CITY, STATE, ZIP)_____
             (TELEPHONE #)_____

2. Please state your job(s), position(s), responsibility(ies) and/or role(s) at The Law Firm.

   ANSWER: _____
   _____
   _____
   _____

3. Are you the custodian of records for The Law Firm?

   ANSWER: _____
   _____
   _____
   _____

4. Did Duane Smith, Rachel Smith and/or anyone at Premier Adjustment Group, LLC have any communications with You regarding drafting an agreement between the Plaintiffs/Counter-Defendants and Defendants/Counter-Plaintiffs?

   ANSWER: _____
   _____
   _____
   _____

5. If you answered "Yes" to Question 4, please provide the date(s) and type of communication(s) (i.e. phone calls, emails, letters).

   ANSWER: _____
   _____
   _____
   _____

6. Did Duane Smith, Rachel Smith and/or anyone at Premier Adjustment Group, LLC have any communications with The Law Firm regarding drafting an agreement between the Plaintiffs/Counter-Defendants and Defendants/Counter-Plaintiffs?

   ANSWER: _____
   _____
   _____
   _____

7. If you answered "Yes" to Question 6, please provide the date(s), type of communication(s) (i.e. phone calls, emails, letters) and to whom the communication was addressed.

   ANSWER: _____
   _____
   _____
   _____

8. Did you or The Law Firm draft any agreement between Plaintiffs/Counter-Defendants and Defendants/Counter-Plaintiffs?

   ANSWER: _____
   _____
   _____
   _____

9. If you answered "Yes" to Question 8, was the agreement executed?

   ANSWER: _____
   _____
   _____
   _____

10. If you answered "Yes" to Question 9, what was the date of execution of the agreement?

    ANSWER: _____
    _____
    _____
    _____

11. Did William Cox and/or anyone at Insurance Adjusters Group, LLC have any communications with You regarding drafting an agreement between the Plaintiffs/Counter-Defendants and Defendants/Counter-Plaintiffs?

    ANSWER: _____
    _____
    _____
    _____

12. If you answered "Yes" to Question 11, please provide the date(s) and type of communication(s) (i.e. phone calls, emails, letters).

    ANSWER: _____
    _____
    _____
    _____

13. Did William Cox and/or anyone at Insurance Adjusters Group, LLC have any communications with The Law Firm regarding drafting an agreement between the Plaintiffs/Counter-Defendants and Defendants/Counter-Plaintiffs?

    ANSWER: _____
    _____
    _____

14. If you answered "Yes" to Question 13, please provide the date(s), type of communication(s) (i.e. phone calls, emails, letters) and to whom the communication was addressed.

    ANSWER: _____
    _____
    _____

15. Please briefly describe the nature of the communications references in answer to Question 12 and 14, if any.

    ANSWER: _____
    _____
    _____

16. Please provide the date(s), type of communication(s) (i.e. phone calls, emails, letters), and brief description of any communication(s) You or The Law Firm have had with William Cox since June 1, 2016.

    ANSWER: _____
    _____
    _____

17. Please provide the date(s), type of communication(s) (i.e. phone calls, emails, letters), and brief description of any communications You or The Law Firm have had with Insurance Adjusters Group, LLC since June 1, 2016.

    ANSWER: _____
    _____
    _____

18. Do You or The Law Firm have any fee agreement(s) with Duane Smith, Rachel Smith and/or Premier Adjustment Group, LLC?

    ANSWER: _____
    _____
    _____

Order #: **72324.002**

19. If you answered "Yes" to Question 18, please provide the dates of those agreements.

    ANSWER: _____
    _____
    _____
    _____

20. Have you entered into an attorney client relationship with Duane Smith, Rachel Smith and/or Premier Adjustment Group, LLC for matters other than the Alexander Lawsuit in the since June 1, 2016?

    ANSWER: _____
    _____
    _____
    _____

21. If you answered "Yes" to Question 20, please list the dates the relationship began and a brief description of the matter (excluding any attorney-client privilege protected).

    ANSWER: _____
    _____
    _____
    _____

22. Are you holding money in trust for Plaintiffs/Counter-Defendants and/or Defendants/Counter-Plaintiffs?

    ANSWER: _____
    _____
    _____
    _____

23. If you answered "Yes" to Question 22, please list how much money you are holding in trust and for which party.

    ANSWER: _____
    _____
    _____
    _____

24. If you answered "Yes" to Question 22, have you had any communication with Duane Smith, Rachel Smith and/or Premier Adjustment Group, LLC regarding releasing any money held in trust to any party?

    ANSWER: _____
    _____
    _____
    _____

25. If you answered "Yes" to Question 24, please provide the date(s), type of communication(s) (i.e. phone calls, emails, letters), and brief description of any communication(s) regarding releasing any money held in trust to any party?

    ANSWER: _____
    _____
    _____
    _____

26. Have you ever been paid by Duane Smith, Rachel Smith and/or Premier Adjustment Group, LLC for any legal services rendered since June 1, 2016?

    ANSWER: _____
    _____
    _____
    _____

27. If you answered "Yes" to question 26, please provide the dates payments were made by Duane Smith, Rachel Smith and/or Premier Adjustment Group, LLC.

    ANSWER: _____
    _____
    _____
    _____

I, Custodian of Record, do swear or affirm that my answers to the above questions are the truth, the whole truth and nothing but the truth, so help me God.

_____
Custodian of Record

I, Notary Public, do hereby certify the above Custodian was duly sworn and the non-stenographic recording of this Written Deposition is a true record of the Custodian testimony.

**GIVEN UNDER MY HAND AND SEAL OF OFFICE, THIS ____ DAY OF _____, 20__.**

_____
SIGNATURE OF NOTARY PUBLIC IN AND FOR THE STATE OF TX

_____
NAME OF NOTARY PUBLIC TYPED OR PRINTED
My Commission expires_____

Order #: 72324.002

**WRITTEN DEPOSITION SERVICE LLC**
**CUSTODIAN ACCOUNT**
1755 WITTINGTON PL STE 750
DALLAS, TX 75234-1956
(800) 346-4405

Bank of America
ACH R/T 111000025

169214
32-2/1110 TX
5823

11/19/2021

PAY TO THE
ORDER OF PRESTON J. DUGAS, III                $ 40.00

Forty and No/100 ************************************************************************************  DOLLARS

PRESTON J. DUGAS, III
WITNESS
PRESTON DUGAS LAW FIRM, PLLC
1701 RIVER RUN, STE 703
FORT WORTH, TX 76107

Records Pertaining To :
DUANE SMITH, ET AL VS. INSURANCE ADJUSTER
Order No. : 72324.002

MEMO

AUTHORIZED SIGNATURE

WF..NMA

⑆169214⑆ ⑈111000025⑈ 488047967906⑆

---

WRITTEN DEPOSITION SERVICE LLC         CUSTODIAN ACCOUNT                      169214

                                                                       11/19/2021

PRESTON J. DUGAS, III                                                   * 40.00

Forty and No/100 ***********************************************************************************

PRESTON J. DUGAS, III
WITNESS
PRESTON DUGAS LAW FIRM, PLLC
1701 RIVER RUN, STE 703
FORT WORTH, TX 76107

Records Pertaining To :
DUANE SMITH, ET AL VS. INSURANCE ADJUSTER
Order No. : 72324.002

WF..NMA

---

WRITTEN DEPOSITION SERVICE LLC         CUSTODIAN ACCOUNT                      169214

                                                                       11/19/2021

PRESTON J. DUGAS, III                                                   * 40.00

Forty and No/100 ***********************************************************************************

PRESTON J. DUGAS, III
WITNESS
PRESTON DUGAS LAW FIRM, PLLC
1701 RIVER RUN, STE 703
FORT WORTH, TX 76107

Records Pertaining To :
DUANE SMITH, ET AL VS. INSURANCE ADJUSTER
Order No. : 72324.002

WF..NMA

Appx.016