IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| *In re Subpoena to* <br> *Non-Party Preston J. Dugas* | § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:21-MC-0018-P |

### BRIEF IN SUPPORT OF INSURANCE ADJUSTERS GROUP, LLC AND WILLIAM COX'S RESPONSE TO MOTION TO QUASH SUBPOENA UPON WRITTEN QUESTIONS TO NON-PARTY PRESTON DUGAS AND MOTION FOR PROTECTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Respondents INSURANCE ADJUSTERS GROUP, LLC and WILLIAM COX and files this their Brief in Support of the Response to Motion to Quash Subpoena Upon Written Question to Non-Party Preston Dugas and Motion for Protection, and in support of same the Respondents would respectfully show the Court as follows:

I.

INTRODUCTION

1. Respondents, hereby, withdraw the subpoena dated November 17, 2021 that was improperly served on Mr. Preston Dugas on November 23, 2021.

2. On December 7, 2021, Respondents personally served Mr. Dugas with a new subpoena providing him additional time until December 27, 2021 to respond.

3. Attorneys for Respondents INSURANCE ADJUSTERS GROUP, LLC and WILLIAM COX have requested a conference pursuant to NORTHERN DISTRICT OF TEXAS LOCAL RULE 7.1(a) to resolve the other remaining issues presented in his Motion.

4. Accordingly, Respondents INSURANCE ADJUSTERS GROUP, LLC and WILLIAM COX request the court deny Mr. Dugas' Motion as moot because there is no justiciable issue before the Court.

II.

BACKGROUND FACTS

5. On March 1, 2021, Plaintiffs DUANE SMITH, RACHEL SMITH and PREMIER ADJUSTMENT GROUP, LLC filed suit against Defendants INSURANCE ADJUSTERS GROUP, LLC and WILLIAMS COX the United States District Court – Eastern District of Texas, in Civil Action No. 2:21-cv-00068 (hereinafter "Underlying Lawsuit").

6. Among their causes of actions, Plaintiffs have asserted claims relating to an alleged partnership and moneys owed pursuant to this alleged partnership agreement.

7. Upon information and belief, Mr. Dugas has information related to the alleged partnership agreement. Further, Mr. Dugas is allegedly holding money in trust owed to Defendant INSURANCE ADJUSTERS GROUP, LLC as a result of this alleged partnership dispute.

8. Defendants INSURANCE ADJUSTERS GROUP, LLC and WILLIAMS COX served Mr. Dugas with a Subpoena Upon Written Questions on November 23, 2021 providing a deadline of December 9, 2021 to respond (hereinafter "1st Subpoena"). **Defendants INSURANCE ADJUSTERS GROUP, LLC and WILLIAMS COX hereby formally withdraw the 1st Subpoena.**

BRIEF IN SUPPORT OF RESPONSE TO MOTION TO QUASH SUBPOENA UPON WRITTEN QUESTIONS TO NON-PARTY PRESTON DUGAS AND MOTION FOR PROTECTION

Page | 2

9. Once the improper service of the 1st Subpoena was brought to the undersigned's attention[1], a new Subpoena was issued and personally served upon Mr. Dugas[2] on December 7, 2021 providing a deadline of December 27, 2021 to respond (hereinafter 2nd Subpoena). A true and correct copy of the 2nd Subpoena and Affidavit of Service is attached hereto as Exhibit A and incorporated herein by reference.

10. However, despite correcting the service issues, Mr. Dugas still filed his Motion Quash Subpoena upon Written Questions to Non-Party Preston Dugas and Motion for Protection (Doc. 1) (hereinafter "Motion Quash")

11. Pursuant to the Docket Control Order in the Underlying Lawsuit, the Discovery Deadline is January 20, 2022 and the deadline to file Motions to Compel re: discovery disputes is January 13, 2021. A true and correct copy of the Docket Control Order is attached hereto as Exhibit B and incorporated herein by reference.

12. Furthermore, the undersigned counsel for Defendants INSURANCE ADJUSTERS GROUP, LLC and WILLIAMS COX has requested a conference to discuss the other issues presented in Mr. Dugas' Motion seeking more specificity. A true and correct copy of the email between Ms. Catherine A. Keith and Preston Dugas dated December 8, 2021 is attached hereto as Exhibit C and incorporated herein by reference; see also Affidavit of Catherine A. Keith, Exhibit D.

---

[1] Mr. Dugas waited until Monday, December 6, 2021 to notify the undersigned of the service defects. See Exhibit C.
[2] Both Subpoenas were directed to Mr. Dugas, individually, and not his law firm. See Exhibits A.

III.

## RESPONSE TO MOTION TO QUASH AND MOTION FOR PROTECTION AND BRIEF IN SUPPORT

13. The Court must deny as moot the Motion to Quash because Defendants INSURANCE ADJUSTERS GROUP, LLC and WILLIAMS COX have formally withdrawn the 1st Subpoena. *See e.g. Defrates v. Podany*, No. 3:17-CV-1290-C, 2018 U.S. Dist. LEXIS 229489 at *5 (N.D. Tex. May 30, 2018). Accordingly, there is no justiciable issue for the Court resolve.

14. Moreover, the Motion to Quash does not seek relief from the 2nd Subpoena. Accordingly, all other issues presented in the Motion to Quash should be denied as moot.

15. Furthermore, the 2nd Subpoena was personally served on Mr. Dugas in compliance with FEDERAL RULE OF CIVIL PROCEDURE 45(b)(1). Additionally, the 2nd Subpoena extends the time for Mr. Dugas to respond to December 27, 2021 which gives Mr. Dugas twenty (20) days to respond to the 2nd Subpoena. Twenty (20) is days a reasonable time for Mr. Dugas to respond. Furthermore, given that the discovery deadline in the underlying case is January 20, 2022 and the deadline to file motions to compel is January 13, 2022, the deadline of December 27, 2021 to respond to the 2nd Subpoena is appropriate and reasonable.

16. The party objecting to discovery must state a specific objection or assert an appropriate privilege for each item it wants to exclude from discovery. FED. R. CIV. P. 33(b)(4), 34(b)(2), 45(e)(2). A blanket objection is not sufficient. *See e.g. SEC v. First Fin. Grp.*, 659 F.2d 660, 668 (5th Cir. 1981). Mr. Dugas' "General Objections" to the question to be propounded are the exact type of blanket objections the Rules intend to prevent. Accordingly, to the extent the Court does not find his Motion moot, the Court should

deny his general objections. Furthermore, counsel for Defendants INSURANCE ADJUSTERS GROUP, LLC and WILLIAMS COX is attempting to resolve such objections through conference and, alternatively requests the Court to abate ruling on this Motion until such time as a proper conference can be held especially given that the 2nd Subpoena has given Mr. Dugas additional time to respond.

## IV.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Respondents INSURANCE ADJUSTERS GROUP, LLC and WILLIAMS COX respectfully request that this Court enter orders:

(a) Denying the *Motion Quash Subpoena upon Written Questions to Non-Party Preston Dugas and Motion for Protection* and overruling all objections therein; or

(b) In the alternative, abate this matter until such time as the issues may be conferred upon; and

(c) Granting Respondents such other and further relief, at law and in equity, as is just.

Respectfully submitted,

DARRELL W. COOK & ASSOCIATES,
A PROFESSIONAL CORPORATION

/s/ Darrell W. Cook

---

DARRELL W. COOK
State Bar No. 00787279
dwcook@attorneycook.com
CATHERINE A. KEITH
State Bar No. 24046193
catherine@attorneycook.com
6688 North Central Expressway, Suite 1000
Dallas, TX 75206
(214) 368-4686
(214) 593-5713 Telecopy

**ATTORNEYS FOR INSURANCE ADJUSTERS GROUP, LLC AND WILLIAM COX**

## CERTIFICATE OF SERVICE

This is to certify that on this the 8th day of December 2021, I electronically filed the foregoing document with the U.S. District Court for the Northern District of Texas, using the court's electronic case filing system. The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept the Notice of Electronic Filing as service of this document by electronic means. For those attorneys who have not consented to accept the Notice of Electronic Filing as service of this document by electronic means, I forwarded a true and correct copy of the above and foregoing document via certified mail, return receipt requested, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

/s/ Catherine A. Keith
CATHERINE A. KEITH