**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| *In re Subpoena to* | §<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 4:21-MC-0018-P** |
| *Non-Party Preston J. Dugas* | | |

## APPENDIX TO INSURANCE ADJUSTERS GROUP, LLC AND WILLIAM COX'S RESPONSE TO MOTION TO QUASH SUBPOENA UPON WRITTEN QUESTIONS TO NON-PARTY PRESTON DUGAS AND MOTION FOR PROTECTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff EDGEFIELD HOLDINGS, LLC as successor in interest to REGIONS BANK (hereinafter "EDGEFIELD HOLDINGS") and files this its Appendix to Plaintiff's Response to Defendant Kenneth J. Gilbert and Non-Party Helen K. Gilbert's Motion to Quash Subpoena and Objections to Document Requests.

| Exhibit No. | Description | Page No. |
|---|---|---|
| A. | 2nd Subpoena and Affidavit of Service | 001-016 |
| B. | Docket Control Order | 017-024 |
| C. | Email between Ms. Catherine A. Keith and Preston Dugas dated December 8, 2021 | 025-027 |
| D. | Affidavit of Catherine A. Keith | 028-029 |

Respectfully submitted,

DARRELL W. COOK & ASSOCIATES,
A PROFESSIONAL CORPORATION

/s/ Darrell W. Cook

_____

DARRELL W. COOK
State Bar No. 00787279
dwcook@attorneycook.com
CATHERINE A. KEITH
State Bar No. 24046193
catherine@attorneycook.com
6688 North Central Expressway, Suite 1000
Dallas, TX 75206
(214) 368-4686
(214) 593-5713 Telecopy

**ATTORNEYS FOR INSURANCE
ADJUSTERS GROUP, LLC AND
WILLIAM COX**

## CERTIFICATE OF SERVICE

This is to certify that on this the 8th day of December 2021, I electronically filed the foregoing document with the U.S. District Court for the Northern District of Texas, using the court's electronic case filing system. The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept the Notice of Electronic Filing as service of this document by electronic means. For those attorneys who have not consented to accept the Notice of Electronic Filing as service of this document by electronic means, I forwarded a true and correct copy of the above and foregoing document via certified mail, return receipt requested, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

/s/ Catherine A. Keith
CATHERINE A. KEITH

# Exhibit A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# United States District Court

## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

DUANE SMITH, RACHEL SMITH, and
PREMIER ADJUSTMENT GROUP, LLC

**SUBPOENA IN A CIVIL CASE**

vs.

INSURANCE ADJUSTERS GROUP, LLC and
WILLIAM COX

Civil Action No. 2:21-CV-00068-JRG

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

TO:     Witness:

PRESTON J. DUGAS, III
PRESTON DUGAS LAW FIRM, PLLC
1701 RIVER RUN, STE 703
FORT WORTH, TX 76107

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment.

| Place: The office of | DATE AND TIME |
|---|---|
| PRESTON DUGAS LAW FIRM, PLLC 1701 RIVER RUN, STE 703 FORT WORTH, TX 76107 | 12/27/2021, 10:00AM |

The Deposition will be recorded by this method: **Deposition by Written Question**

| *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: |
|---|

The provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45 (d) relating to your protection as a person subject to a subpoena and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/17/21

CLERK OF COURT           OR     */s/ Darrell W. Cook*

_____                    _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *Insurance Adjusters Group, LLC and William Cox* who issues or requests this subpoena are: **Darrell W. Cook**, Darrell W. Cook & Associates, 6688 North Central Expressway, Suite 1000, Dallas, TX, 75206, 214-368-4686 dwcook@attorneycook.com

Order No. 72324.002

Appx. 001

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

Civil Action No. **2:21-CV-00068-JRG**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Preston Busns III

was received by me on *(date)*    12.7.21    .

I served the subpoena by delivering a copy to the named individual as follows:

Preston Busns III                                on *(date)*    12.7.21    ; or

I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

I declare under penalty of perjury that this information is true.

Date:    12.7.21

Server's signature

Tom P. Esto    process sm

Printed name and title

1489 Meadow Brook Ln

Server's address    Nevada TX
75173

Additional information regarding attempted service, etc:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**
**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) **Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) **Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

(A) **When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) **When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) **Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**
**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) **Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) **Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) **Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
(D) **Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2) Claiming Privilege or Protection.**
(A) **Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) **Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# United States District Court

## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

DUANE SMITH, RACHEL SMITH, and
PREMIER ADJUSTMENT GROUP, LLC

**SUBPOENA IN A CIVIL CASE**

vs.

INSURANCE ADJUSTERS GROUP, LLC and
WILLIAM COX

Civil Action No. 2:21-CV-00068-JRG

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

TO:  Witness:  **PRESTON J. DUGAS, III
PRESTON DUGAS LAW FIRM, PLLC
1701 RIVER RUN, STE 703
FORT WORTH, TX 76107**

| X | *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment. |
|---|---|

| Place:  The office of **PRESTON DUGAS LAW FIRM, PLLC 1701 RIVER RUN, STE 703 FORT WORTH, TX 76107** | DATE AND TIME **12/27/2021, 10:00AM** |
|---|---|

The Deposition will be recorded by this method: **Deposition by Written Question**

| | *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: |
|---|---|

The provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45 (d) relating to your protection as a person subject to a subpoena and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___11\17\21___

CLERK OF COURT

OR    */s/ Darrell W. Cook*

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *Insurance Adjusters Group, LLC and William Cox* who issues or requests this subpoena are:  **Darrell W. Cook**, Darrell W. Cook & Associates, 6688 North Central Expressway, Suite 1000, Dallas, TX, 75206, 214-368-4686 dwcook@attorneycook.com

Order No. 72324.002

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

Civil Action No. **2:21-CV-00068-JRG**

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*_____
was received by me on *(date)* _____.

I served the subpoena by delivering a copy to the named individual as follows:

_____
_____on *(date)*_____ ; or

I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

I declare under penalty of perjury that this information is true.

Date: _____                            _____
                                                                *Server's signature*

                                                         _____
                                                                *Printed name and title*

                                                         _____
                                                                *Server's address*

Additional information regarding attempted service, etc:

Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| DUANE SMITH, RACHEL SMITH, and PREMIER ADJUSTMENT GROUP, LLC | § § § | |
| vs. | § § | CIVIL ACTION NO. 2:21-CV-00068-JRG |
| INSURANCE ADJUSTERS GROUP, LLC and WILLIAM COX | § § § | |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

TO:  ALL PARTIES BY AND THROUGH THEIR ATTORNEY(S) OF RECORD AS PROVIDED IN THE ATTACHED SERVICE LIST.

You will take notice that fourteen (14) days after the service hereof, with attached questions, a deposition by written questions will be asked of the witeness:

**MICHAEL Y. KIM-(Client Record Scope)**
**THE MICHAEL KIM LAW FIRM, PLLC**
**4236 W. LOVERS LN, DALLAS, TX 75209**

**PRESTON J. DUGAS, III-(Client Record Scope)**
**PRESTON DUGAS LAW FIRM, PLLC**
**1701 RIVER RUN, STE 703, FORT WORTH, TX 76107**

Such questions to be answered on or after *12/09/2021*, before a Notary Public at the instance of:
**Written Deposition Service, LLC**
**1755 Whittington Place, Suite 750**
**Dallas, TX 75234**

Such deposition may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court.  Notice is further given that request is hereby made as authorized under Rules 31 & 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a Subpoena Duces Tecum and cause it to be served on the witness and to turn all such records over to the officer authorized to take this deposition.

Respectfully Submitted,

*/s/Darrell W. Cook*

Darrell W. Cook
SBA #: 00787279
Darrell W. Cook & Associates
6688 North Central Expressway, Suite 1000
Dallas, TX 75206
214-368-4686;  Fax 214-593-5713
dwcook@attorneycook.com

Attorney for: Defendant

## CERTIFICATE OF SERVICE

I certify, as authorized agent for the attorney of record, Darrell W. Cook that a true and exact copy of foregoing Notice of Intention to Take Deposition upon Written Questions was served to all attorneys of record in the above-styled and numbered matter, said service being effected in the following manner:

CERTIFIED MAIL/RETURN RECEIPT REQUESTED _____

HAND DELIVERY _____

TELECOPY ___✓___

OVERNIGHT/NEXT DAY DELIVERY VIA LONE STAR OR UPS _____

E-MAIL _____

E-FILE _____

DATED: 11/17/21

BY: _____

SERVED TO ALL PARTIES LISTED BELOW:
*Duane Smith, et al vs. Insurance Adjusters Group, LLC, et al*
**ATTORNEYS OF RECORD**

Justin A. Smith
Sloan, Hatcher, Perry, Runge, Robertson, Smith & Jones
101 East Whaley Street
Longview, TX 75601
903-757-7000; Fax: 903-757-7574
Attorney For: Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DUANE SMITH, RACHEL SMITH, and    §
PREMIER ADJUSTMENT GROUP, LLC      §
                                    §
                                    §     CIVIL ACTION NO. 2:21-CV-00068-JRG
vs.                                 §
                                    §
INSURANCE ADJUSTERS GROUP, LLC and  §
WILLIAM COX                         §

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS,

### PRESTON J. DUGAS, III

#### DEFINITIONS

For the purposes of this DEPOSITION UPON WRITTEN QUESTIONS, the following definitions shall have the following meanings, unless the context requires otherwise:

1. "You" or "Your" means Preston J. Dugas, III.

2. "The Law Firm" means PRESTON DUGAS LAW FIRM, PLLC as well as all predecessors, parents, subsidiaries, related entities or agencies, agents, representatives, directors, members, employees, and assumed names with knowledge of relevant facts.

3. "Plaintiffs/Counter-Defendants" means Duane Smith, Rachel Smith and/or Premier Adjustment Group, LLC as well as all predecessors, parents, subsidiaries, related entities or agencies, agents, representatives, directors, members, employees, and assumed names with knowledge of relevant facts.

4. "Defendants/Counter-Plaintiffs" means William Cox and/or Insurance Adjusters Group, LLC as well as all predecessors, parents, subsidiaries, related entities or agencies, agents, representatives, directors, members, employees, and assumed names with knowledge of relevant facts.

5. "Alexander Lawsuit" means Michael Alexander v. Rachel Smith, Duane Smith, Individually and d/b/a Premier Adjustment Group, LLC as well as William Cox, Individually and d/b/a Insurance Adjusters Group, LLC; Cause No. 70456-A.

6. "Communication" means any sending, receipt, or exchange of information or messages regardless of the form or medium used. It includes, without limitation, such things as correspondence, faxes, telexes, telegrams, electronic mail, telephone calls, voice mail, recorded messages, meetings, nods of the head or other nonverbal signals, conversations, and face-to-face encounters.

7. "Document" means any printed, written, recorded, or graphic matter of any kind whatsoever, whether on paper, floppy disk, hard disk, computer file, cassette tape, or any other medium. The term is intended to embrace every conceivable memorialization of any alphabetic characters, images (still or moving), sounds, symbols, figures, dollars, or computations (or any combination of same) and obviously includes, without limitation, such things as correspondence, memorandums, electronic mail, voice mail, answering machine or other recordings, handwritten notes, phone message slips, diagrams, charts, schedules, daily calendars, invoices, purchase orders, forms of any kind, spreadsheets, accounting records, bank statements, canceled checks, check registers, compact disc, DVDs, envelopes, phone bills, faxes, agreement or insurance policy, photographs, slides, sound recordings, videotapes, sketches, internet web-sites, computer programs, tape-recorded telephone conversations,

Order #: **72324.002**

videotapes, sketches, internet web-sites, computer programs, tape-recorded telephone conversations, and anything stored on or accessible with a telecommunications device of any kind, a computer, computing device, or any network.

## INSTRUCTIONS

1. The dispute in this case revolves around Plaintiffs/Counter-Defendants' allegations that the Parties were partners in the public adjuster industry. As such, the purpose of this deposition on written questions is to discover general information regarding the alleged partnerships between the Parties in this matter. This is not an investigation into any claims against Preston J. Dugas, III or an attempt to impart liability on Preston J. Dugas, III. It is discovered that Preston J. Dugas, III is a non-party that has knowledge and information that addresses Plaintiffs/Counter-Defendants' claims made against the Defendants/Counter-Plaintiffs. The purpose of this deposition on written questions is solely to verify whether Preston J. Dugas, III has such knowledge and information.

2. The Deposition upon Written Questions excludes any information and/or answers relating to the Michael Alexander v. Rachel Smith, Duane Smith, Individually and d/b/a Premier Adjustment Group, LLC as well as William Cox, Individually and d/b/a Insurance Adjusters Group, LLC; Cause No. 70456-A.

Order #: **72324.002**

## WRITTEN QUESTIONS

1. Please state the full name, address, and occupation/job title.

   ANSWER:   (NAME) _____
                       (OCCUPATION) _____
                       (ADDRESS) _____
                       (CITY, STATE, ZIP) _____
                       (TELEPHONE #) _____

2. Please state your job(s), position(s), responsibility(ies) and/or role(s) at The Law Firm.

   ANSWER: _____
   _____
   _____
   _____

3. Are you the custodian of records for The Law Firm?

   ANSWER: _____
   _____
   _____
   _____

4. Did Duane Smith, Rachel Smith and/or anyone at Premier Adjustment Group, LLC have any communications with You regarding drafting an agreement between the Plaintiffs/Counter-Defendants and Defendants/Counter-Plaintiffs?

   ANSWER: _____
   _____
   _____
   _____

5. If you answered "Yes" to Question 4, please provide the date(s) and type of communication(s) (i.e. phone calls, emails, letters).

   ANSWER: _____
   _____
   _____
   _____

6. Did Duane Smith, Rachel Smith and/or anyone at Premier Adjustment Group, LLC have any communications with The Law Firm regarding drafting an agreement between the Plaintiffs/Counter-Defendants and Defendants/Counter-Plaintiffs?

   ANSWER: _____
   _____
   _____
   _____

Order #: **72324.002**

7. If you answered "Yes" to Question 6, please provide the date(s), type of communication(s) (i.e. phone calls, emails, letters) and to whom the communication was addressed.

ANSWER: _____

_____

_____

8. Did you or The Law Firm draft any agreement between Plaintiffs/Counter-Defendants and Defendants/Counter-Plaintiffs?

ANSWER: _____

_____

_____

9. If you answered "Yes" to Question 8, was the agreement executed?

ANSWER: _____

_____

_____

10. If you answered "Yes" to Question 9, what was the date of execution of the agreement?

ANSWER: _____

_____

_____

11. Did William Cox and/or anyone at Insurance Adjusters Group, LLC have any communications with You regarding drafting an agreement between the Plaintiffs/Counter-Defendants and Defendants/Counter-Plaintiffs?

ANSWER: _____

_____

_____

12. If you answered "Yes" to Question 11, please provide the date(s) and type of communication(s) (i.e. phone calls, emails, letters).

ANSWER: _____

_____

_____

Order #: **72324.002**

13. Did William Cox and/or anyone at Insurance Adjusters Group, LLC have any communications with The Law Firm regarding drafting an agreement between the Plaintiffs/Counter-Defendants and Defendants/Counter-Plaintiffs?

ANSWER: _____

_____

_____

_____

14. If you answered "Yes" to Question 13, please provide the date(s), type of communication(s) (i.e. phone calls, emails, letters) and to whom the communication was addressed.

ANSWER: _____

_____

_____

_____

15. Please briefly describe the nature of the communications references in answer to Question 12 and 14, if any.

ANSWER: _____

_____

_____

_____

16. Please provide the date(s), type of communication(s) (i.e. phone calls, emails, letters), and brief description of any communication(s) You or The Law Firm have had with William Cox since June 1, 2016.

ANSWER: _____

_____

_____

_____

17. Please provide the date(s), type of communication(s) (i.e. phone calls, emails, letters), and brief description of any communications You or The Law Firm have had with Insurance Adjusters Group, LLC since June 1, 2016.

ANSWER: _____

_____

_____

_____

18. Do You or The Law Firm have any fee agreement(s) with Duane Smith, Rachel Smith and/or Premier Adjustment Group, LLC?

ANSWER: _____

_____

_____

_____

19. If you answered "Yes" to Question 18, please provide the dates of those agreements.

ANSWER: _____
_____
_____
_____

20. Have you entered into an attorney client relationship with Duane Smith, Rachel Smith and/or Premier Adjustment Group, LLC for matters other than the Alexander Lawsuit in the since June 1, 2016?

ANSWER: _____
_____
_____
_____

21. If you answered "Yes" to Question 20, please list the dates the relationship began and a brief description of the matter (excluding any attorney-client privilege protected).

ANSWER: _____
_____
_____
_____

22. Are you holding money in trust for Plaintiffs/Counter-Defendants and/or Defendants/Counter-Plaintiffs?

ANSWER: _____
_____
_____
_____

23. If you answered "Yes" to Question 22, please list how much money you are holding in trust and for which party.

ANSWER: _____
_____
_____
_____

24. If you answered "Yes" to Question 22, have you had any communication with Duane Smith, Rachel Smith and/or Premier Adjustment Group, LLC regarding releasing any money held in trust to any party?

ANSWER: _____
_____
_____
_____

Order #: 72324.002

25. If you answered "Yes" to Question 24, please provide the date(s), type of communication(s) (i.e. phone calls, emails, letters), and brief description of any communication(s) regarding releasing any money held in trust to any party?

ANSWER: _____

_____

_____

_____

26. Have you ever been paid by Duane Smith, Rachel Smith and/or Premier Adjustment Group, LLC for any legal services rendered since June 1, 2016?

ANSWER: _____

_____

_____

_____

27. If you answered "Yes" to question 26, please provide the dates payments were made by Duane Smith, Rachel Smith and/or Premier Adjustment Group, LLC.

ANSWER: _____

_____

_____

_____

   I, Custodian of Record, do swear or affirm that my answers to the above questions are the truth, the whole truth and nothing but the truth, so help me God.


_____
Custodian of Record


   I, Notary Public, do hereby certify the above Custodian was duly sworn and the non-stenographic recording of this Written Deposition is a true record of the Custodian testimony.

   **GIVEN UNDER MY HAND AND SEAL OF OFFICE, THIS _____ DAY OF _____, 20__.**


_____
SIGNATURE OF NOTARY PUBLIC IN AND FOR THE STATE OF TX


_____
NAME OF NOTARY PUBLIC TYPED OR PRINTED
My Commission expires_____

Order #: **72324.002**

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| DUANE SMITH, ET AL. | § | |
| | § | |
| v. | § | Case No. 2:21-CV-0068-JRG-RSP |
| | § | |
| INSURANCE ADJUSTERS GROUP, LLC | § | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures.** Except as provided by paragraph 1(j), within 30 days after the Scheduling Conference, each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action;

(g)     any witness statements described in Tex. R. Civ. P. 192.3(h);

(h)     in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted, or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(i)     in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the disclosing party by virtue of an authorization furnished by the requesting party; and

(j)     for any testifying expert, by the date set by the Court in the Docket Control Order, each party shall disclose to the other party or parties:

a.     the expert's name, address, and telephone number;

b.     the subject matter on which the expert will testify;

c.     if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

1.     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, except to the extent protected by Fed. R. Civ. P. 26(b)(4); and

2.     the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

       d.      for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information; and

       e.      any party shall be excused from furnishing an expert report of treating physicians.

2.     **Protective Orders.**  The parties having requested the issuance of the standard Protective Order.

3.     **Additional Disclosures.**  In addition to the disclosures required in Paragraph 1 of this Order, at the Scheduling Conference, the Court shall amend this discovery order and require each party, within 45 days after the Scheduling Conference and without awaiting a discovery request, to provide, to the extent not already provided, to every other party the following:

     (a)    a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

     (b)    a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based,

including materials bearing on the nature and extent of injuries suffered; and

(c)      those documents and authorizations described in Local Rule CV-34.

The Court shall order the disclosures set forth in paragraph 3(a), (b), and (c) in the absence of a showing of good cause by any party objecting to such disclosures.

4.      **Discovery Limitations**.  At the Scheduling Conference, the Court shall also amend this discovery order to limit discovery in this cause to the disclosures described in paragraphs 1 and 3 together with 25 interrogatories, 25 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, the **depositions of 2 expert witnesses per side** and **20 hours per side for third party fact witness depositions.**  "Side" means a party or a group of parties with a common interest. Any party may move to modify these limitations for good cause.

5.      **Privileged Information**.   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  The parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  The privilege logs must be exchanged by the deadline set in the Docket Control Order.  Any party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within 14 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is

asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by filing a notice within 14 days of the deadline set in the Docket Control Order for exchanging privilege logs.

6.    **Pre-trial disclosures**. Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

(a)    The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

(b)    The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(c)    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

These disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the Court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.  **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

8.  **Duty to Supplement**. After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

**9.     Discovery Disputes.**

(a)  Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b)  An opposed discovery related motion, or any response thereto, shall not exceed 7 pages.

Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (see Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion). Any change to a party's lead attorney designation must be accomplished by motion and order.

(e) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV- 26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the Court courtesy

copies of any filings.

12. **Standing Orders.** The parties and counsel are charged with notice of and are required to
fully comply with each of the Standing Orders of this Court. Such are posted on the Court's
website at http://www.txed.uscourts.gov/page1.shtml?location=info:judge&judge=17.
The substance of some such orders may be included expressly within this Discovery Order,
while others (including the Court's Standing Order Regarding Protection of Proprietary
and/or Confidential Information to Be Presented to the Court During Motion and Trial
Practice) are incorporated herein by reference. All such standing orders shall be binding on
the parties and counsel, regardless of whether they are expressly included herein or made
a part hereof by reference.

**SIGNED this 13th day of July, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

Exhibit C

**Melissa Parker**

| | |
|---|---|
| **From:** | Catherine Keith |
| **Sent:** | Wednesday, December 8, 2021 9:50 AM |
| **To:** | Preston Dugas; Darrell Cook |
| **Cc:** | Jose Espinosa; Melissa Parker |
| **Subject:** | RE: Smith v. Insurance Adjusters Group - Subpoena |

Preston:

Sorry for the late response.

I have not read your motion, but it's my understanding your motion includes other issues other than just service. So we need to confer per the rules and work those out.  Can you outline the specific issues you have with the request by request numbers so we can possibly compromise?  Can you also provide me with deposition dates?

You could have just contacted me and worked this out when you knew there was a service issue. We have deadlines in this case so I cannot give you until the 17th. I will give you until January 7th on condition that you agree to confer with me in detail regarding your specific issues with each request so that we can work those out and compromise.

Let me know – thank you!

CATHERINE A. KEITH
DARRELL. W. COOK & ASSOCIATES
A PROFESSIONAL CORPORATION
6688 NORTH CENTRAL EXPRESSWAY, SUITE 1000
DALLAS, TX 75206
(214) 368-4686 TELEPHONE
(214) 593-5713 FACSIMILE

**From:** Preston Dugas <preston@pjdlawfirm.com>
**Sent:** Tuesday, December 7, 2021 1:18 PM
**To:** Catherine Keith <catherine@attorneycook.com>; Darrell Cook <dwcook@attorneycook.com>
**Cc:** Jose Espinosa <jose@attorneycook.com>
**Subject:** RE: Smith v. Insurance Adjusters Group - Subpoena

Catherine,

Process server just served me the new version. Will you agree to withdraw the last subpoena and allow me to respond by January 17, 2022?

Preston J. Dugas III
Attorney

1



Preston Dugas
Law Firm, P.L.L.C.

**1701 River Run, Suite 703**
**Fort Worth, TX 76107**
Tel: 817.945.3061 I Fax: 682.219.0761 I Email: preston@pjdlawfirm.com
www.pjdlawfirm.com
Follow us: LinkedIn | Facebook

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

**From:** Catherine Keith <catherine@attorneycook.com>
**Sent:** Tuesday, December 7, 2021 9:47 AM
**To:** Darrell Cook <dwcook@attorneycook.com>; Preston Dugas <preston@pjdlawfirm.com>
**Cc:** Jose Espinosa <jose@attorneycook.com>
**Subject:** RE: Smith v. Insurance Adjusters Group - Subpoena

Preston:

You are aware of the subpoena and the service so there should eb no issue. Since you are a lawyer, can you simply just accept service via email and we set a new date for your response?

CATHERINE A. KEITH
DARRELL W. COOK & ASSOCIATES
A PROFESSIONAL CORPORATION
6688 NORTH CENTRAL EXPRESSWAY, SUITE 1000
DALLAS, TX 75206
(214) 368-4686 TELEPHONE
(214) 593-5713 FACSIMILE

**From:** Darrell Cook <dwcook@attorneycook.com>
**Sent:** Monday, December 6, 2021 2:18 PM
**To:** Preston Dugas <preston@pjdlawfirm.com>
**Cc:** Catherine Keith <catherine@attorneycook.com>; Jose Espinosa <jose@attorneycook.com>
**Subject:** Re: Smith v. Insurance Adjusters Group - Subpoena

Adding Catherine and Jose

This email was dictated. Please forgive any typos

Darrell W. Cook
Darrell W. Cook & Associates
A Professional Corporation
6688 North Central Expressway, Suite 1000

2

Dallas, TX 75206
(214) 368-4686 Telephone
(214) 593-5713 Facsimile

On Dec 6, 2021, at 3:07 PM, Preston Dugas <preston@pjdlawfirm.com> wrote:


Mr. Cook,

Are you willing to withdraw the subpoena upon written questions left at my office? It was improperly served, etc. and I will be filing a protective order. My deadline is tomorrow. Please let me know if you can agree to withdraw the subpoena.

Preston J. Dugas III
Attorney



Preston Dugas
Law Firm, PLLC

**1701 River Run, Suite 703**
**Fort Worth, TX 76107**
Tel: 817.945.3061 l Fax: 682.219.0761 l Email: preston@pjdlawfirm.com
www.pjdlawfirm.com
Follow us: LinkedIn | Facebook


The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

Appx. 027

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| *In re Subpoena to* | § | |
| | § | |
| *Non-Party Preston J. Dugas* | § | **CIVIL ACTION NO. 4:21-MC-0018-P** |
| | § | |
| | § | |

## AFFIDAVIT OF CATHERINE A. KEITH

BEFORE ME, the undersigned authority, personally appeared Catherine A. Keith, who, being duly sworn, deposed as follows:

1.   "My name is Catherine A. Keith. I am over twenty-one (21) years of age, of sound mind, have never been convicted of a felony, and am fully competent to make and execute this affidavit. I have personal knowledge of the facts stated in this affidavit, which are all true and correct.

2.   "I am a partner of Darrell W. Cook and Associates, A Professional Corporation. Darrell W. Cook and Associates, A Professional Corporation was hired to represent Respondents INSURANCE ADJUSTERS GROUP, LLC and WILLIAM COX.

3.   "I have requested a conference to discuss the issues unrelated to service defects presented in Mr. Dugas' Motion to Quash Subpoena Upon Written Question to Non-Party Preston Dugas and Motion for Protection seeking more specificity.  A true and correct copy of the email between myself and Preston Dugas dated December 8, 2021 is attached hereto as Exhibit C and incorporated herein by reference."

*[The remainder of this page was left blank intentionally]*

---

Appx. 028

Further Affiant Sayeth Naught:

BY: _Catherine Keith_

CATHERINE A. KEITH

Affiant/ Attorney for Plaintiff

SIGNED AND SWORN to before me by the said Catherine A. Keith on the 9ᵗʰ day of December, 2021.

ANGELA WHITEHEAD
Notary Public, State of Texas
Comm. Expires 08-16-2024
Notary ID 130779807

Notary Public, State of Texas